## JAMES T. MORSE *vs.* ALBION W. MORSE.

*Referee's finding as to law, when conclusive. Acceptance of report.*

When a referee, to whom a cause has been submitted by the parties under a rule of court, makes a direct and unconditional award, and submits no question of law to the court for decision, the court will not inquire whether or not his award was based upon a correct view of the law.

A loose memorandum returned by the referee with the papers in the case, but not made a part of his report, in which he states certain propositions relating to the law of the case, furnishes no ground for the rejection of the report whether the law is therein stated correctly or otherwise.

ON EXCEPTIONS.

At the December term, 1871, this action, brought to recover possession of certain premises in Bath, was referred to Hon. Rufus P. Tapley, the justice presiding, who heard the parties and permitted the tenant to file a paper in the nature of a disclaimer. The referee's report, filed at the April term, 1873, was then recommitted, and was by him returned at the April term, 1874, unchanged, accompanied by a memorandum showing the construction put upon R. S., c. 104, § 6, apparently as explanatory of his reasons for reporting that the demandant should recover costs of the tenant though found only entitled to that part of the demanded premises which the tenant had disclaimed.

The paper, entitled "*Morse v. Morse,*—Brief," was of this purport.

"R. S., c. 104, § 6, undertakes to regulate two classes of cases, viz:—

I. Where the defendant was not tenant of the freehold at the time the action was commenced.

II. Where he was tenant, claiming only a part of the premises.

The first of these two classes is provided for by a plea of non-tenure, or brief statement, which, if sustained, defeats the action and entitles the defendant to costs.

The second class of cases is provided for by statement and disclaimer, which do not defeat the action, but only limit the recovery. A judgment upon them is for the plaintiff, who, therefore, is entitled to his costs as the prevailing party

If, under the second class of cases, the defendant desires to avoid costs, he may enter notice upon the record in open court, under § 22, that the demandant may recover a specified part of the demanded premises."

This memorandum, though not annexed to the report, was returned to court with it, and was offered in evidence by the defendant in support of his objections to the report, but was excluded by the presiding justice. The objections were that the demandant recovering only the land disclaimed, costs should have been awarded against him, instead of in his favor.

An order was made that the report be accepted and judgment entered for the plaintiff for his costs. The tenant excepted.

*W. Gilbert* and *Francis Adams*, for the tenant.

*Tallman & Larrabee*, for the demandant.

Barrows, J. The referee in his report submits no question of law to the court. He decides the case both as to law and fact, and awards costs as he thought fit, and as he had the right to do. The report had been once recommitted on the defendant's motion in order to ascertain whether the award as to costs had been designedly made, or was the result of some clerical error; but the referee distinctly and positively re-affirms it; and the mere fact

that he states upon a loose sheet (returned with the report and the other papers in the case, but not made part of the report) some propositions relating to the law of the case will not avail to impose upon the court the duty of revising his decision.

The presiding judge properly excluded this memorandum. The award is peremptory and there is nothing to show that the referee designed to have its acceptance depend upon the concurrence of the court in the view which he took of the law.

It is by no means apparent that the defendant has any equitable cause of complaint. It would rather seem that his disclaimer of any portion of the demanded premises came so late that the referee was of the opinion that it ought not to affect the plaintiff's right to costs.  *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.